Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Meghan E. George (274525)
Thomas E. Wheeler (308789)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff, Rosalie Camarena Ibrahim

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CAMARENA IBRAHIM, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SALLY BEAUTY SUPPY LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*); and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*).<br><br>**Jury Trial Demanded** |

Plaintiff ROSALIE CAMARENA IBRAHIM ("Plaintiff"), on behalf of himself and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff bring this class action Complaint against Defendant SALLY BEAUTY SUPPY LLC (hereinafter "Defendant") to stop Defendant's practice of falsely advertising that it will price match its local competitors for any product that it sells when Defendant in fact has no intention to honor such a price matching guarantee.

2. Plaintiffs bring this class action Complaint to obtain redress for a nationwide class of consumers ("Class Members") who were induced by Defendant's price matching guarantee to purchase products from Defendant within the applicable time period.

3. Defendant is a Delaware company, with its headquarters in Texas, that is engaged in the marketing and selling of beauty products nationwide.

4. Defendant represents that it will match or beat the prices of its local competitors for the sale of any product sold both in its stores and its competitor's stores.

5. Plaintiff and others similarly situated were lured into Defendant's stores by the prospect of purchasing the products sold in Defendant's stores at the same price or less as their local competitors.

6. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that Defendant would match or beat the prices of its local competitors when in fact Defendant had no intention to match or beat its local competitor's prices and in fact charged more than the local competitors contrary to Defendant's advertisements.

7. Upon information and belief, Defendant has been fully aware that it routinely refuses to price match.

8. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to waste time shopping for better deals only to ultimately spend more money at Defendant's stores after being induced to enter said stores and then purchase products at prices at or above those of competitors, which Plaintiff and others similarly situated would not have done absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

9. Plaintiff is informed and believes and based upon such information and belief alleges that Defendant knew or should have known of the probable consequences of misleading consumers into believing competitor prices would be matched or beat by Defendant. Defendant is in the business of marketing and selling beauty products to consumers with no further steps. By failing to adequately supervise, control, or otherwise provide for the quality and standards of its marketing efforts, Defendant willfully and negligently exposed Plaintiff and others similarly situated to deceptive advertisements that induced their reliance and ultimate relinquishment of better deals.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

10. Consumers must make choices about where to buy beauty products, particularly when competitors offer identical products.

11. Consumers rely on the representations and advertisements of retailers in order to know who offers the best deals and thereby chose to buy identical products from one retailer rather than another.

12. Defendant is a retailer of beauty products sold at multiple, competing retailers who advertised that they would match or beat their local competitor's prices, when in fact such advertisements were false.

13. Defendant profits from its price match advertisement. Without that advertisement, consumers would shop elsewhere.

14. In actual fact, Defendant sold identical beauty products for prices over and above that of competitors.

15. Consumers are unable to ascertain that Defendant has no intention of honoring its price matching represented in its advertisements.

16. Defendant makes written representations to consumers which contradict the actual nature of the how Defendant conducts business in its stores, namely that when consumers ask that Defendant match or beat a competitor's price, Defendant refuses to do so and proceeds to sell the products to consumers at the higher price.

17. The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

18. Defendant's violations of the law include, but are not limited to, the false advertising, marketing, and representations and unfair business practices to the detriment of consumers nationwide.

19. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease advertising their price matching guarantee and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

20. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

21. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the Product at a Sally Beauty store located at 2620 E Workman Ave., STE 3, West Covina, California 91791. Additionally, Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

22. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

23. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of many different states.

## THE PARTIES

24. Plaintiff ROSALIE CAMARENA IBRAHIM is a citizen and resident of the State of California, County of Los Angeles.

25. Defendant SALLY BEAUTY SUPPY LLC is a seller and marketer of beauty products. Defendant is a Delaware company headquartered in Texas. Defendant conducts a large share of its business within California.

26. Plaintiff is informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

27. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible

for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

28. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

29. On or around April 8, 2016, Plaintiff purchased the WAHL Senior Clipper from a Sally Beauty store located at 2620 E Workman Ave., STE 3, West Covina, California 91791.

30. For the WAHL Senior Clipper, Plaintiff paid Defendant more than valuable consideration.

31. Including taxes and fees, Plaintiffs paid over $59.99.

32. A local competitor, Nancy's Beauty Warehouse, sold and advertised the identical product at the same time for only $54.99.

33. Defendant advertised by a mailer sent to Plaintiff on or about April 2016 that it will match its competitor's prices as follows:

> WE MEET OR BEAT ALL VALID LOCAL COMPETITOR'S PRICES ON THE IDENTICAL ITEM UPON PRESENTATION OF ANY CURRENT PRINTED SALE AD OR FLIER. WE DO NOT PRICE MATCH ONLINE PRICING FOR ANY COMPETITOR.

34. Relying on this assurance that Defendant would match or beat Nancy's Beauty Warehouse's price for the WAHL Senior Clipper, Plaintiff went to Defendant's store instead of going to Nancy's Beauty Warehouse or some other competitor.

35. Plaintiff presented a printed, current copy the advertisement for Nancy's Beauty Warehouse to Defendant. The advertisement was signed by a

representative of Nancy's Beauty Warehouse to ensure its validity. The $54.99 price for the WAHL Senior Clipper was clearly marked.

36. Furthermore, Nancy's Beauty Warehouse's advertisement was not for online pricing.

37. Despite this, Defendant refused to match or beat Nancy's Beauty Warehouse's price for the WAHL Senior Clipper.

38. Because of the time and effort Plaintiff had expended and expense it would cost to go to a different store, Plaintiff felt no choice but to purchase the WAHL Senior Clipper from Defendant at the non-discounted price of $59.99.

39. As a result, Plaintiff felt ripped off, cheated by, and damaged by Defendant.

40. Such sales tactics as used by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

41. Defendant expressly represented to Plaintiff, through written statements and advertising, that Defendant would match the prices of competitors like Nancy's Beauty Warehouse for identical items.

42. Further, Defendant made no representations that they would not honor the advertised price matching.

43. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to visit Defendant's stores and pass up better deals on identical products at competing retailers without any intent to honor such representations.

44. Plaintiff would not have passed up the better price at Nancy's Beauty Warehouse and visited Defendant's store had Plaintiff known that Defendant did not intent to honor its advertisements and match or beat Nancy's Beauty Warehouse's price.

45. Had Defendant properly marketed, advertised, and represented the

price matching guarantee, namely by telling consumers that it will not be honored, Plaintiff would not have passed up better deals or purchased anything from Defendant.

46. Plaintiff gave her money Defendant and passed up better deals to visit Defendant's store because of the promised price matching. Defendant benefited from falsely advertising the nature of the price matching guarantee and failing to honor it. Plaintiff received nothing for passing up better deals on identical products and visiting Defendant's store, and instead suffered inconvenience, feelings of deception, and damage instead. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

47. Had Defendant properly marketed, advertised, and represented the price matching guarantee as being a mere ruse to lure consumers into its stores and away from competitors who sold products at or below Defendant's prices, no reasonable consumer would have believed that Defendant intended to honor its price matching guarantee and would have shopped elsewhere.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

49. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products.

50. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

51. As used herein, the term "Class Product" shall mean and refer to products sold by Defendant and at least one competitor.

52. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

53. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

54. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

55. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

56. Rather, all claims in this matter arise from the identical, false advertising that the competitor prices for identical products would be matched or beat, when in fact, such representations were false.

57. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

    (c) Whether Defendant profited from the sale of the Products;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive

practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiffs and Class Members.

58. Plaintiff is a member of the class he seeks to represent.

59. The claims of Plaintiff are not only typical of all class members, they are identical.

60. All claims of Plaintiff and the class are based on the exact same legal theories.

61. Plaintiff has no interest antagonistic to, or in conflict with, the class.

62. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

63. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

64. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violation of the California False Advertising Act
## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)
## On Behalf of the Class

65. Plaintiff incorporate by reference each allegation set forth above.

66. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

67. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

68. Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant said that it would match or beat competitor prices, when in fact Defendant had no intent on matching competitor prices, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

69. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

70. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that Class Products would be sold for the same price or less as competitors. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up with Class Products for which they paid more money than they otherwise would have without the false advertisements and passed up better deals to visit Defendant's stores, and therefore Plaintiff and other Class Members have suffered injury in fact.

71. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

72. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the competitor prices would be matched or beaten.

73. Defendant knew that the price matching guarantee would not be honored.

74. Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that would not be price matched as advertised.

75. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)
## On Behalf of the Class

76. Plaintiff incorporates by reference each allegation set forth above.

77. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such

violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

78. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

79. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

80. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to falsely

advertise a price matching guarantee. Defendant's representation that it would match or beat competitor prices gave consumers the impression that Defendant sold Class Products at prices at or below those of competitors, thereby inducing Plaintiff and Class Members to forego better deals. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

81. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant's prices would be lower or at least the same as competitor's in order to induce them to spend money on Class Products at Defendant's stores over cheaper competitors. In fact, knowing that there would be no price matching or beating, Defendant unfairly profited from the false advertisements and sales of Class Products, in that Defendant knew that the expected benefit that Plaintiff would receive from purchasing Class Products from Defendant rather than competitors was non-existent, when this is typically never the case in situations involving guarantees of lower prices. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

82. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented that Class Products were cheaper by guaranteeing that competitor prices would be matched or beaten, these consumers suffered injury in fact because they passed up better deals. Defendant failed to take reasonable steps to inform Plaintiffs and Class Members that competitor prices would not be matched or beaten. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to purchase products from Defendant rather than competitors and pass up better deals. Therefore, the injury suffered by Plaintiff and members of

the Class is not an injury which these consumers could reasonably have avoided.

83. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

84. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

85. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

86. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff passed up a better deal from Defendant's competitor. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

87. As explained above, Defendant deceived Plaintiff and other Class Members by representing that they would match or beat competitor prices when in fact Defendant had no such intention.

88. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

89. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

90. As explained above, Defendant deceived Plaintiff and other Class Members by representing the sale of Class Products at or below competitor prices when Defendant had no intention to sell Class Products as such.

91. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class Members to pass up better deals from competitors and purchase the Class Products from Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented its prices, Plaintiff and Class Members would have sought out better deals and made purchases from Competitors. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

92. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

93. Further, Defendant's practices violated the Consumer Legal Remedies Act, as noted below, which also makes its practices unlawful.

94. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

95. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

96. Plaintiffs requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

97. Plaintiffs, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring SALLY BEAUTY SUPPY LLC, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring SALLY BEAUTY SUPPY LLC to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiffs and Class Members from the sale of misbranded Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiffs and Class Members may be justly entitled as deemed by the Court.

Dated:  January 18, 2017          Respectfully submitted,

                                          LAW OFFICES OF TODD M. FRIEDMAN , PC

                                          By: /s Todd. M. Friedman
                                             TODD M. FRIEDMAN, ESQ.
                                             Attorney for Plaintiff ROSALIE CAMARENA IBRAHIM